## TEITELBAUM v. SCHEINERT.

(Supreme Court, Appellate Term. June 28, 1906.)

TRIAL—ARBITRARY DISMISSAL.

An arbitrary judgment of dismissal, rendered before trial of the issue presented, will be reversed on appeal.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Trial, § 900.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sarah Teitelbaum against Isak Scheinert. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

Samuel F. Hyman, for appellant.

Amend & Amend, for respondent.

LEVENTRITT, J. These proceedings were brought to recover possession of premises leased to the tenant by one David Jacobowitz, the then owner. The lease was for two years and four months, and ended on the 1st day of May, 1906, but contained a covenant conferring on the tenant the privilege of a two years' renewal, provided he performd all the terms and conditions reserved on his part. The landlord on the 28th day of April, 1905, purchased the premises subject to the lease. On the 1st day of May, 1906, the landlord, claiming that the tenant was holding over, instituted these proceedings. The tenant, answering the petition, denied that he was holding over, and asserted his right to possession under the renewal clause of the lease. On this issue the parties went to trial. After testifying that no renewal lease had been executed, the landlord rested. Thereupon the tenant, without making any motion, proceeded to sustain his defense. At the very outset of the cross-examination of the tenant, the learned justice abruptly interrupted the trial, refused to permit the cross-examination to be concluded, declined to receive any further testimony, and arbitrarily dismissed the petition. In brief, a judgment of dismissal has been rendered, though the issue presented has not been tried.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.